UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BEULAH FRANKLIN**                                                        **CIVIL ACTION**

**VERSUS**                                                                      **NO. 16-684-RLB**

**THE ARC OF EAST ASCENSION**                                  **CONSENT**

RULING

Before the Court[1] is Defendant's Motion to Dismiss, or, in the alternative, Motion for Summary Judgment. (R. Doc. 3). The Motion is opposed. (R. Doc 5). Defendant has filed a Reply. (R. Doc. 7).

Also before the Court is Plaintiff's Motion for Leave to File First Supplemental and Amending Complaint. (R. Doc. 16). The time within which to file an opposition has not yet run.

**I.      PROCEDURAL HISTORY AND BACKGROUND**

On September 23, 2016, Beulah Franklin ("Plaintiff") filed a Petition for Damages in state court alleging that her employer, The Arc of East Ascension ("Defendant"), forced her to resign from her position on September 26, 2015 because of her age. (R. Doc. 1-1). Plaintiff asserts that the Defendant violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621; the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:301 *et seq.*; and the Louisiana Human Rights Act ("LHRA"), La. R.S. 51:2231 *et seq.*

---

[1] This matter was referred to the undersigned Magistrate Judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon written consent of all parties. (R. Doc. 12).

On October 14, 2016, Defendant removed this action based on federal question jurisdiction, 28 U.S.C. § 1331. (R. Doc. 1).

On October 28, 2016, Defendant filed the instant Motion. (R. Doc. 3). Defendant seeks dismissal on the basis that Plaintiff's claim under the ADEA is prescribed because Plaintiff failed to file a timely charge of discrimination with either the United States Equal Employment Opportunity Commission ("EEOC") or with the Louisiana Commission on Human Rights ("LCHR"), prior to filing the instant action. (R. Doc. 3 at 1-2; R. Doc. 3-1 at 2). Additionally, Defendant seeks dismissal of Plaintiff's LEDL claim on the basis of prescription due to Plaintiff's failure to provide Defendant with advanced written notice prior to filing this lawsuit, as required by La. R.S. 23:303(c). (R. Doc. 3; R. Doc 3-1 at 3-4).

In opposition, Plaintiff "concedes that the jurisprudence does not favor the continued prosecution of her federal ADEA claim and/or her state LEDL claim." (R. Doc. 5 at 1). However, Plaintiff opposes the dismissal of the remaining claim under the LHRA, urging the Court to instead decline the exercise of supplemental jurisdiction and remand the case to state court pursuant to 28 U.S.C. § 1367(c). (R. Doc. 5 at 1-2).

In reply, Defendant asserts that the LHRA does not provide Plaintiff with a remedy for alleged age discrimination independent of the ADEA and LEDL and, accordingly, Plaintiff's LHRA claim must likewise be dismissed. (R. Doc. 7).

## II.   LAW AND ANALYSIS

### A.   Applicable Standard of Review

Defendant seeks dismissal of Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To the extent the Court must consider evidence outside of the pleadings, Defendant alternatively moves for summary judgment pursuant to Rule 56 of the

Federal Rules of Civil Procedure.  In support of its Motion, Defendant submits an affidavit by its Human Resources Manager, Gerrie Noto. (R. Doc. 3-2).  Because the Court considers the Noto Affidavit, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).  The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.*  The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.*  A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).  Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996).  Similarly, "[u]nsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991).  If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322-23.

**B.     Plaintiff's ADEA Claim**

An individual may not commence a civil action under the ADEA until 60 days after a charge alleging unlawful discrimination has been filed with the EEOC or LCHR.[2] 29 U.S.C. § 626(d)(1); *see Clark v. Resistoflex Co.*, 854 F.2d 762, 765 (5th Cir. 1988) ("A charge of discrimination must be timely filed with the EEOC prior to the initiation of a civil action under the ADEA."). For cases arising in Louisiana, a charge of discrimination must be filed within 300 days of the alleged unlawful employment action. *See* 29 U.S.C. § 626(d)(1)(B); 29 U.S.C. § 633(b); *Walton-Lentz v. Innophos, Inc.*, 476 F. App'x 566, 570 (5th Cir. 2012) ("Louisiana is a deferral state for purposes of the ADEA . . . . As a result, an EEOC charge may be filed up to 300 days after the alleged unlawful practice occurred").

Plaintiff does not claim that she filed a charge with the EEOC or LCHR within 300 days of the alleged adverse employment action or at any time before the commencement of this lawsuit. Plaintiff does not otherwise dispute that Defendant was never served with notice of the filing of such a charge.[3] In addition, Plaintiff instituted this action on September 23, 2016, more than 300 days after Plaintiff's resignation on September 26, 2015, the last possible alleged discriminatory act. Accordingly, Plaintiff's claim under the ADEA is dismissed with prejudice for failure to timely file a charge of discrimination prior to commencing this action.[4]

---

[2] If a charge filed with the EEOC (or LCHR) is dismissed or the proceedings are otherwise terminated by the EEOC, the EEOC must notify the charging party, who may then bring a civil action within 90 days of receiving notice. 29 U.S.C. § 626(e); *see also Julian v. City of Houston, Tex.*, 314 F.3d 721, 726 n.12 (5th Cir. 2002) ("[T]he window for filing an ADEA suit begins sixty days after filing the EEOC charge[] and ends ninety days after receipt of the EEOC right-to-sue notice.").

[3] The Noto Affidavit provides that as of October 28, 2016, Defendant has not received any notices of a charge or claim of discrimination having been filed by Plaintiff with the EEOC or the LCHR. (R. Doc. 3-2 at 2). Plaintiff does not controvert this statement.

[4] *See* 29 U.S.C. § 626(d)(1),(e); *see also Clark v. Resistoflex Co., A Division of Unidynamics Corp.*, 854 F.2d 762, 764 (5th Cir. 1988) ("A charge of discrimination must be timely filed with the EEOC prior to the initiation of a civil action under the ADEA.").

### C. Plaintiff's LEDL Claim

An individual who intends to pursue court action on the basis of a LEDL violation shall give written notice of this fact to the employer at least 30 days before initiating court action. *See* La. R.S. 23:303(C). Plaintiff does not allege in her Petition that she gave written notice to Defendant 30 days before filing this action. Plaintiff does not otherwise dispute that Defendant did not receive any written notice regarding alleged discrimination or Plaintiff's intent to file a lawsuit against it alleging discrimination.[5] Accordingly, Plaintiff's LEDL claim is subject to dismissal as she failed to comply with the notice provision found in La. R.S. 23:303(C).[6] *See Casey v. Livingston Parish Communications Dist.*, 476 F. Supp. 2d 600, 608 (M.D. La. 2007) (dismissing without prejudice LEDL action as premature where the plaintiff has not satisfied the 30-day advanced notice requirement); *Stubberfield v. Offshore*, No. 15-2339, 2016 WL 2855480, at *2 (E.D. La. May 16, 2016) (same); *Eason v. Lippert Component Mfg., Inc.*, No. 09-875, 2010 WL 797847, at *5 (W.D. La. March 2, 2010) (same). Accordingly, this claim is dismissed without prejudice as it was prematurely filed.

### D. Plaintiff's LHRA Claim

Finally, Plaintiff claims that Defendant's alleged conduct also constitutes age discrimination in violation of the LHRA, citing Louisiana Revised Statutes 51:2231 and 51:2264. (R. Doc. 1-1 at 2); (R. Doc. 5 at 2). Defendant, however, correctly responds that the LHRA is no longer applicable to claims of employment discrimination. (R. Doc. 7 at 2).

---

[5] The Noto Affidavit provides that prior to September 23, 3016, Defendant did not receive any written notice from Plaintiff that she felt she had been discriminated against or that she intended to file any lawsuit against Defendant alleging discrimination. (R. Doc. 3-2 at 2). Plaintiff does not controvert this statement.

[6] Filing a charge of discrimination with either the EEOC or LCHR within the appropriate time-frame satisfies the notice provision of the LEDL. *See Trahan v. Lowe's Inc.*, No. 01-3243, 2002 WL 1560272, at *6 (E.D. La. 2002) (EEOC charge would "effectively accomplish[] the same goals as statutory notice under state law"). Here, neither party disputes the fact that Plaintiff never filed a charge of discrimination with either the EEOC or LCHR.

In 1997, those sections of the LHRA prohibiting employment discrimination, La. R.S. 51:2242-2245, were repealed and replaced by the Louisiana Employment Discrimination Law, La. R.S. 23:301. *See* House Bill No. 1453, 1997 La. Acts 1409 (repealing La. R.S. 51:2242-2245 and enacting La. R.S. 23:301, *et seq.*); *see also Trahan*, 2002 WL 1560272, at *8-9 (LHRA no longer provides a cause of action for employment discrimination); *Lowry v. Dresser*, 893 So.2d 966, 969 (La. App. 3rd Cir. 2005) (employment discrimination provisions of LHRA were effectively repealed and no longer apply to employment discrimination). Therefore, "the Louisiana Human Rights Act no longer makes employment discrimination unlawful; that is now accomplished by the Louisiana Employment Discrimination Law." *Trahan*, 2002 WL 1560272, at *9.

Today, the LHRA prohibits discrimination in public accommodations and credit transactions, among other things,[7] and provides a private cause of action for any "alleged violation of [those] provisions." La. R.S. 51:2264; *see also Smith v. Parish of Washington*, 318 F. Supp. 2d 366, 371 nn.2-3 (E.D. La. Mar. 26, 2004) (outlining the conduct originally prohibited by the LHRA and the conduct now prohibited following the 1997 amendment).

Because employment discrimination is no longer among those provisions, Plaintiff has no cause of action under the LHRA, and this claim is dismissed with prejudice.

---

[7] Currently, the LHRA prohibits discrimination: in public accommodations, La. R.S. 51:2247; in advertising public accommodations, La. R.S. 51:2248; against nursing mothers, La. R.S. 51:2247.1; by financial institutions in providing financial services, La. R.S. 51:2254; and in credit transactions, La. R.S. 51:2255.

### E. Motion for Leave to File First Supplemental and Amended Complaint

In this Motion, Plaintiff seeks to "amend her original Petition for Damages (filed in the state court action prior to removal) to assert claims against Travelers Casualty and Surety Company of America, insurer of The Arc of East Ascension." (R. Doc. 16). Plaintiff seeks to adopt the entirety of the original petition, and any recovery sought from this proposed defendant is solely in its capacity as the insurer of the Defendant.

Rule 15(a) "evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Stripling v. Jordan Prod. Co.,* 234 F.3d 863, 872 (5th Cir. 2000) (citations and quotations omitted). Leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), but "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir.1993) (quotation omitted).

"It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling*, 234 F.3d at 872-73. Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm*, 3 F.3d at 139.

Futility in this context means that the amended complaint would fail to state a claim upon which relief could be granted. To determine futility, the court applies the same standard of legal sufficiency as under Fed. R. Civ. P. 12(b)(6). Because the Court finds that Plaintiff's claims against the Defendant are subject to dismissal, the proposed amended complaint – seeking to add the Defendant's insurer – is futile. Accordingly, the Motion for Leave to File Supplemental and Amended Complaint (R. Doc. 16) is denied.

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Dismiss, or, in the alternative, Motion for Summary Judgment (R. Doc. 3) is **GRANTED**. Plaintiff's claim under the Age Discrimination in Employment Act, 29 U.S.C. § 623, and the Louisiana Human Rights Act, La. R.S. 51:2231, are **DISMISSED WITH PREJUDICE.** Plaintiff's claim under the Louisiana Employment Discrimination Law, La. R.S. 23:312, is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File First Supplemental and Amended Complaint (R. Doc. 16) is **DENIED**.

Signed in Baton Rouge, Louisiana, on February 23, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**